RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 3/18/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **ANTHONY TISCARENO, #15921-085** | **DOCKET NO. 12-CV-2585; SEC. P** |
| **VERSUS** | **JUDGE DRELL** |
| **WARDEN** | **MAGISTRATE JUDGE KIRK** |

### REPORT AND RECOMMENDATION

Before the Court is an application for writ of habeas corpus pursuant to 28 U.S.C. §2241, filed by Anthony Tiscareno. Petitioner is an inmate in the custody of the Bureau of Prisons (BOP), presently incarcerated at the United States Penitentiary in Pollock, Louisiana (USP-P). He claims that there was insufficient evidence to convict him of a disciplinary violation, and he seeks the restoration of good time credit.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Background*

On November 19, 2010, at approximately 4:05 p.m., an officer at the United States Penitentiary in Atlanta, Georgia, discovered a Motorola cell phone hidden under a "false bottom" inside of a locked locker assigned to inmate Molina-Cordova. The officer received information that Molina-Cordova was holding the phone for another inmate. The phone was sent to the Central Office for forensic data recovery. [Doc. #1-3, p.6]

On February 22, 2011, at 7:20 p.m., it was discovered through

a link analysis from the Central Office forensic data report, that Petitioner, along with other inmates, had been in possession of the cell phone. A search of the TRUVIEW data base, revealed that Petitioner was the only inmate within USP Atlanta linked to a telephone number that had received a text message from the cell phone. Other telephone numbers in the phone's memory were linked exclusively to Inmates Horta-Correa and Alvarez-Chavez. Petitioner complains that Horta-Correa and Alvarez-Chavez explained to the hearing officer that the phone numbers linked to them were by means of a Western Union Money Order that was sent to them; the numbers were never on the inmates' phone lists. Those inmates were both exonerated. Although Petitioner presented a similar defense, he was found guilty.

### Law and Analysis

Federal prisoners have a liberty interest in their accumulated good-time credit. See Henson v. U.S. Bureau of Prisons, 213 F.3d 897, 898 (5th Cir. 2000). Therefore, since Petitioner claims that he lost good time credits, the analysis approved by the Supreme Court in Wolff v. McDonnell, 418 U.S. 539 (1974), and Superintendent, Mass. Correctional Institution v. Hill, 472 U.S. 445 (1985), governs the contested disciplinary proceeding.

In Wolff, the Court held that, although the rights of a prisoner "...may be diminished by the needs and exigencies of the institutional environment, a prisoner is not wholly stripped of

2

constitutional protections when he is imprisoned for crime." Nevertheless "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Id. at 555-556. Accordingly, in order for a prison disciplinary proceeding to comport with the requirements of due process the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation,(2) an opportunity to present evidence,(3) written findings in support of the ruling, and (4) the requirement that upon review, "some evidence" support the ruling. Hill, 472 U.S. at 454; Wolff, supra, at 556.

In this case, Petitioner complains only that the DHO abused her discretion in finding him guilty because of the lack of evidence against him.[1] Federal habeas review of the sufficiency of the evidence to support a disciplinary conviction is extremely limited, and due process requires only "some evidence" to support the conviction. Hill, 472 U.S. at 457. The Supreme Court has determined that ascertaining sufficiency of the evidence does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Rather, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the

---

[1]Petitioner alleges: Ground One: There is no evidence to support the findings. Ground Two: Abuse of discretion, the DHO decision is arbitrary. [Doc. #5-1, p.5]

3

disciplinary board." <u>Id.</u> at 455. Determining the credibility of the testimonies presented at the hearing is left to the discretion of the disciplinary hearing officer. <u>See</u> <u>Hudson v. Johnson</u>, 242 F.3d 534, 536-537 (5th Cir. 2001).

The information provided in a written incident report standing alone can satisfy the "some evidence" standard for purposes of procedural due process. <u>Id.</u> at 537. Prison disciplinary convictions are to be overturned only where **no evidence** in the record supports the decision. <u>See</u> <u>Broussard v. Johnson</u>, 253 F.3d 874, 877 (5th Cir. 2001).

In this case, a TRUVIEW "link analysis" was performed by the Central Office with every number found on the cell phone. The investigation revealed that Petitioner was **the only inmate in all of USP-Atlanta linked to the phone number in question**. [Doc. #5-3, p.11] The fact that two other inmates were found not guilty of the charges against them has no bearing on the outcome of Petitioner's hearing. The incident report and evidence of Petitioner's exclusive link to the phone number in question constitutes "some evidence" to support the hearing officer's decision. Thus, Petitioner's rights under <u>Wolff</u> and <u>Hill</u> have not been abridged.

*Conclusion*

**For the forgoing reasons, IT IS RECOMMENDED** that **TISCARENO**'s petition for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE.**

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

**THUS DONE AND SIGNED** in chambers, in Alexandria, Louisiana, on this 15th day of March, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE